UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WFK & ASSOCIATES, LLC　　　　　　　　　　　*　　CIVIL ACTION

versus　　　　　　　　　　　　　　　　　　　*　　NO. 06-6684

TANGIPAHOA PARISH　　　　　　　　　　　　　*　　SECTION "F"

ORDER AND REASONS

Before the Court is the City of Hammond's motion for review of magistrate judge's order of April 18, 2007, which denied its motion to intervene.  For the reasons that follow, the magistrate judge's April 18 ruling is AFFIRMED.

## Background

WFK owns property that it wants to develop into an apartment complex for residents of Tangipahoa Parish and students of Southeastern Louisiana University.  Tangipahoa Parish's planning commission approved the preliminary draft of the approval.  The City of Hammond contested that approval and demanded that the Parish require its approval before allowing the development project to proceed.  The City filed suit in state court to block final approval of the project.[1]  On September 28, 2006, WFK sued the Parish and the City in this Court, seeking (among other relief) a judgment declaring the City without authority to regulate land use

---

[1] The state trial court ordered that the Parish council hold a public meeting before voting on WFK's application.

1

outside of its corporate boundaries and a writ of mandamus requiring the Parish to allow it to proceed with the project.

The City moved to dismiss WFK's claims against it. Before the hearing date on that motion, WFK filed for leave to amend its complaint against the Parish and to dismiss its claims against the City. On February 8, 2007, the Court granted WFK's motion to amend and accordingly denied the City's motion to dismiss as moot. WFK's First Amended and Restated Complaint asserts only claims against the Parish.

WFK's amended complaint alleges that the Parish council held a public hearing on January 8, 2007 and rejected WFK's application for the project. WFK says that it met all the conditions for approval and that the Parish violated its home rule charter in rejecting the project and that the Parish violated WFK's constitutional rights. WFK seeks a judgment declaring its application approved, a writ of mandamus for a building permit, and damages.

On March 7, 2007, the City filed a motion for leave to file complaint of intervention. On April 18, 2007, Magistrate Judge Shushan denied the motion. The City now appeals that ruling.

I.

Standard of Review

A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions. See Fed.R.Civ.P. 72(a); see

also 28 U.S.C. § 636(b)(1)(A).  If a party objects to a magistrate judge's ruling on a non-dispositive matter, the Court will disturb a magistrate's ruling only when the ruling is "clearly erroneous or contrary to law."  See Fed.R.Civ.P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perles v. Kagy, 394 F. Supp. 2d 68, 70 n.6  (D. D.C. 2005) (agreeing with other district courts' application of clearly erroneous standard to magistrate judge's denial of a motion to intervene).

II.

The City has failed to convince the Court to disturb magistrate judge's ruling denying its motion to intervene.  That ruling is not clearly erroneous or contrary to law.

Magistrate Judge Shushan determined that the City was not entitled to intervene under Rule 24(a) and that permissive intervention was not warranted under Rule 24(b).  The City continues to assert that WFK and the Parish are seeking to have the state court decision nullified and that the Parish cannot adequately represent the City's interest.

Magistrate Judge Shushan determined that the City's concerns about the proposed project are economic only and that the Parish had the legal right to protect the decision of its council, not the City.  Therefore, she concluded, mandatory intervention under Rule 24(a)(2) is improper.  See Magistrate Judge Shushan's April 18, 2007 Order, p. 6-7 (citing New Orleans Public Service, Inc. United

Gas Pipe Line Co., 732 F.2d 452 (5th Cir. 1984)).  This determination is not clearly erroneous.

Magistrate Judge Shushan also determined that permissive intervention was not warranted and that the addition of the City would delay the resolution of the case.  She also noted that the Parish "has demonstrated that it will represent the interests of its Council and citizens in maintaining the Council's decision to reject WFK's application."  See Magistrate Judge Shushan's April 18, 2007 Order, p. 8.  Again, the City has failed to show that Magistrate Judge Shushan erred in exercising her discretion to decline permissive intervention.

Accordingly, the Magistrate Judge's April 18, 2007 Order is AFFIRMED; the City's appeal of the Magistrate Judge's Order of April 18, 2007, denying its motion to intervene, is DENIED.

New Orleans, Louisiana, May 23, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE